Law Office of Clifford Olshaker, P.C.
40-47 75th Street, 3rd Floor
Elmhurst, NY 11373
Telephone (718) 429-2505
Facsimile (718) 429-2096
cliffordolshaker@yahoo.com

UNITED STATES DISCTICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MILLSTONE FUNDING INC.

      Plaintiff,

  -against-                                     **COMPLAINT**

GONZALEZ TILE, and CELSO GONZALEZ

      Defendants,
----------------------------------------------------------X

      Plaintiff MILLSTONE FUNDING, INC. by and through its attorney, Clifford Olshaker, allege as follows:

1. Plaintiff MILLSTONE FUNDING INC. ("Millstone"), is a New York Corporation with its principal place of business located at 101 Sinn Street, Patchogue, NY 11772.

2. No shareholder of Millstone is a citizen of the State of Texas.

3. Defendant GONZALEZ TILE ("Business Defendant") is a corporation organized under the laws of the state of Texas with its registered office address at 5214 Ruben M. Torres Blvd., Brownsville, TX 78566 and its principal place of business at 5214 Ruben M. Torres Blvd., Brownsville, TX 78566.

4. Celso Gonzalez ("Defendant Personal Guarantor") is a resident of Texas residing at 33516 Farm to Market 2983, Los Fresnos, TX 78566.

5. Defendant Personal Guarantor is the owner of the Business Defendant.

6. The amount in controversy in this action exceeds $75,000.00.

7. The Defendant Personal Guarantor and the Business Defendant have consented to the jurisdiction of this Court pursuant to the forum selection in the sales agreement (the "Agreement") referenced below and attached hereto as EXHIBIT A.

## AS AND FOR THE FIRST CAUSE OF ACTION
## AGAINST THE BUSINESS DEFENDANT

8. Plaintiff Millstone repeats and realleges the allegations contained in paragraphs 1 through 8 above as though fully set forth herein at length.

9. On or about August 25, 2016 Millstone entered into the Agreement with the Defendant wherein the Business Defendant sold $180,600.00 of its business receivables/revenue to Millstone, to be paid to Millstone from a percentage of the Business Defendant's daily revenue, for an upfront sum of $140,000.00 from Millstone.

10. Millstone fulfilled its obligations to the defendant to provide the upfront sum of $140,000.00 as required by the Agreement.

11. During the course of the agreement, the unpaid sums became due and payable to Millstone, in full as required by Millstone or pursuant to the Agreement in the event of any action constituting default or breach of the covenants or warranties contained in the Agreement. Any outstanding balance owed by the Business Defendant at the time of default became immediately due and payable to Millstone.

12. The Business Defendant defaulted under the terms of the Agreement by breaching its representations and warranties to Plaintiff in direct violation of the Agreement.

13. The Business Defendant has refused to make all payments due under the Agreement, despite due demand therefore.

14. The Business Defendant made certain payments under the Agreement, leaving a balance as of this date in the sum of $106,583.41.

15.     The Business Defendant is in violation of the Agreement and has thus been in breach and default since December 30, 2016, leaving a balance due in the sum of $106,583.41 plus interest at New York's statutory rate from that date.

16.     Therefore, the Business Defendant is liable to Plaintiff Millstone in the sum of $106,583.41 plus interest at the statutory rate from December 30, 2016, through entry of judgment herein.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST BUSINESS DEFENDANT

17.     Plaintiff Millstone repeats and realleges the allegations contained in paragraphs 1 through 16 above as fully set forth herein at length.

18.     On or about August 25, 2016, Millstone entered into the Agreement wherein the Business Defendant sold $180,600.00 of its receivables/revenue to Millstone, to be paid to Millstone from a percentage of the Business Defendant's daily revenue, for an upfront sum of $140,000.00 from Millstone.

19.     Millstone fulfilled its obligation to the defendants to provide the upfront sum of $140,000.00 as required by the Agreement.

20.     The Business Defendant has utilized the funds the Millstone provided pursuant to the Agreement.

21.     The Business Defendant has failed to pay Millstone a balance of $106,583.41 that it owes Millstone in accordance with this agreement.

22.     Therefore, the Business Defendant is now indebted to Millstone for the balance of $106,583.41 plus interest at New York's statutory interest rate from December 30, 2016 through the entry of judgment.

## AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE DEFENDANT PERSONAL GUARANTOR

23.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 as though fully set forth herein at length.

24.     As part of the Agreement, Defendant Personal Guarantor made a written unconditional personal guarantee of the Business Defendant's performance under the Agreement to Millstone.

25.     As set forth above, the Business Defendant failed to perform under the terms and conditions of the Agreement damaging Millstone in the amount of the outstanding balance. Therefore, Defendant Personal Guarantor is personally liable for the entire balance pursuant to the personal guarantee.

26.     The Defendant Personal Guarantor is currently in default and breach under the terms of the Agreement so the balance of $106,583.41 plus interest at New York's Statutory interest from December 30, 2016, is now due and owing to Plaintiff.

27.     By reason of the foregoing, Defendant Personal Guarantor is jointly and severally liable to Millstone for $106,583.41 plus statutory interest rate from December 30, 2016 through entry of judgment herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST BOTH DEFENDANTS

28.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 above as though fully set forth herein at length.

29.     The Agreement provides that in addition to all payments owed under the agreement, the Business Defendant agrees to pay all costs associated with a breach and the enforcement thereof, including, but not limited to, court costs and attorneys' fees and disbursements.

30.     Defendant Personal Guarantor agreed to pay costs, expenses and attorneys' fees which may be incurred as a result of the Seller's default under the Agreement

31.     Plaintiff Millstone has incurred and continues to incur expenses including attorneys' fees, which cannot be finally determined at this date, but which will be capable of determination at such time as judgment may be entered herein.

32.     By reason of the foregoing, the Business Defendant and the Defendant Personal Guarantor are liable to Plaintiff Millstone for Plaintiff's expenses in regard to this litigation, including attorneys' fees, in such amount as may be determined.

WHEREFORE, Plaintiff Millstone demands judgment against Defendants Gonzalez Tile and Celso Gonzalez, jointly and severally, for $106,583.41 plus interest at New York's statutory rate from December 30, 2017, through entry of judgment herein, as well as plaintiff's attorneys' fees, costs and expenses incurred in processing this action in an amount to be determined by the Court.

Dated: Elmhurst, New York
       August 24, 2017

Law Office of Clifford Olshaker, P.C.

Clifford Olshaker, Esq.
40-47 75th Street, 3rd Floor
Elmhurst, NY 11373
Telephone:    (718) 429-2505
Facsimile:    (718) 429-2096
cliffordolshaker@yahoo.com