# Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest to Magistrate Judge Brown

Case Name and Docket Number:     **Millstone Funding, Inc. v. Gonzalez Tile, et al.**
                                 **17-CV-5073 (DRH) (GRB)**

     Before the undersigned, on referral from the Honorable Denis R. Hurley, is plaintiff's motion for default judgment.  DE 15; Electronic Order dated May 14, 2018 (referring motion).  Plaintiff is merchant cash advance company which entered into a contract with defendants to purchase defendants' receivables.  DE 1 at ¶ 9; DE 15-7 at ¶ 4.  Plaintiff alleges that defendants failed to make all required payments and, thus, breached that contract, leaving a balance of $106,583.41 owed.  DE 1 at ¶¶ 12–14, 24–27.  Having reviewed all of the moving papers, I hereby find as follows:

<u>Service of Process and Default</u>
X The record reflects that proper service was made on defendant.  [DE 7, 8]
X According to the record, no answer, motion or other appearance was filed on behalf of defendant.
X The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a) [DE 11]

<u>Liability</u>
     Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  Based upon examination of the complaint and motion papers, I find that plaintiff has demonstrated that the uncontroverted allegations, without more, establish the defendant's liability on the following cause(s) of action:

        First Cause of Action:     Breach of Contract – Corporate Defendant
        Third Cause of Action:     Breach of Contract – Individual Defendant

<u>Damages</u>
    "To establish damages upon a default, the movant need only prove that the 'compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *OneWest Bank, N.A. v. Bianchini*, No. CV 14-3234 (DRH) (GRB), 2016 WL 1039491, at *2 (E.D.N.Y. Feb. 22, 2016), *report and recommendation adopted*, 2016 WL 1045533 (E.D.N.Y. Mar. 15, 2016) (citing *Greyhound Exhibitgrp., Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  Based upon review of affidavits and other documentary evidence, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp,* 109 F.3d 105, 111 (2d Cir. 1997) (court may rely upon affidavits and documents in calculating damages upon default), I find that plaintiff has established damages in the following amount(s):

X Principal Damages [DE 15-7 at ¶¶ 5–9]                                      $  106,583.41   


The Court should also award *per diem* pre-judgment interest in the amount of $26.28 from December 30, 2016, until the date of the district court's order. [DE 15-4 at 17]

*Conclusion*

Therefore, the undersigned respectfully recommends that the Court grant plaintiff's motion for default judgment and award plaintiff judgment in the amount of $106,583.41, plus *per diem* pre-judgment interest in the amount of $26.28 from December 30, 2016, until the date of the district court's order.

*Objections*

A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

/s/ Gary R. Brown                                                                                                       02/27/2019

GARY R. BROWN, United States Magistrate Judge                                                  Date